**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TA'VION MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1556-SLP |
| | ) | |
| BOARD OF TRUSTEES FOR THE | ) | |
| OKLAHOMA COUNTY CRIMINAL | ) | |
| JUSTICE AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ta'Vion Murphy, proceeding with counsel, filed this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his civil rights. Doc. 1. United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Defendant Oklahoma County Criminal Justice Authority ("OCCJA") filed a Special Appearance and Motion to Dismiss ("Motion"). Doc. 16. Defendant Board of County Commissioners for Oklahoma County filed an Answer. Doc. 9. Defendant Thomas did not file an answer or pre-answer motion.

Before the Court is Defendant OCCJA's Motion, pursuant to Federal Rule of Civil Procedure Rule 12(b)(5), arguing the Court lacks jurisdiction over Defendant OCCJA because Plaintiff did not properly effect service on it. Doc. 16. Plaintiff did not respond to the Motion, and the Motion is at issue. For the reasons set forth below, the undersigned recommends the Court (1) quash the original service attempt on Defendant OCCJA and (2) allow Plaintiff additional time to effectuate proper service.

## I.      Legal standards regarding service

The Court may dismiss a complaint for insufficient service of process under Fed. R. Civ. P. 12(b)(5).  Sufficiency of service impacts a court's ability to exercise personal jurisdiction over a defendant.  *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (citation modified)).  To be sufficient, a summons must be served with a copy of the complaint, "name the court and the parties," and "be directed to the defendant."  Fed. R. Civ. P. 4(a)(1)(A)-(B), (c)(1).  "Service is insufficient when a party serves the wrong person or an individual not permitted to accept service for the defendant."  *Woodson v. Bd. of Cnty. Comm'rs of Okla. Cnty.*, No. CIV-24-681-JD, 2025 WL 1840823, at *1 (W.D. Okla. Feb. 14, 2025) (R&R), *adopted,* 2025 WL 1840682 (W.D. Okla. July 3, 2025).

In Oklahoma, a public jail trust is "a governmental entity for purposes of a 42 U.S.C. § 1983 action because it was created under Oklahoma law as a public trust."  *Lee v. Wyatt*, No. CIV-07-773-W, 2009 WL 3401277, at *6 (W.D. Okla. Oct. 21, 2009), *aff'd*, 382 F. App'x 697 (10th Cir. 2010).  Governmental entities may be properly served if a copy of the summons and complaint are delivered to the organization's CEO or are delivered according to state law.  Fed. R. Civ. P. 4(j)(2).  Under Oklahoma law, Defendant OCCJA must be served "by delivering a copy of the summons and of the [Complaint] to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary or other official whose duty it is to maintain the official records of the organization."  Okla. Stat. tit. 12, § 2004(C)(1)(c)(5).  "No statute

2

designates the individual to be served on behalf of the OCCJA." *Castillo v. Prater*, No. CIV-23-675-D, 2023 WL 9546946, at \*8 (W.D. Okla. Dec. 8, 2023) (R&R), *adopted*, 2024 WL 21801 (W.D. Okla. Jan. 2, 2024).  And according to the OCCJA's Trust Indenture,[1] the Oklahoma County Clerk serves as Secretary to the OCCJA and must maintain its records.  Doc. 16 at 8; *see also* Doc. 17-1 at 8 ("The County Clerk of Oklahoma County, Oklahoma, shall be the Secretary of the Trustees [and] shall maintain complete and accurate records . . . .").

## II.    Defendant OCCJA was not properly served

Substantial compliance is the proper rule for service of process in Oklahoma.  *See Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1252 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012).  The relevant inquiry, therefore, is whether Plaintiff substantially complied with the requirements set forth in Okla. Stat. tit. 12, § 2004(C)(1)(c)(5) when serving Defendant OCCJA.  The undersigned concludes that Plaintiff did not.

After filing the Complaint, Plaintiff mailed by certified mail a copy of the same along with Summons to the Oklahoma County Detention Center located at 201 N. Shartel Avenue in Oklahoma City.  Doc. 16 at 7; *see also* Doc. 12 (Proof of Service returned for OCCJA).  The certified mail was signed for by Erma Cole on December 31, 2025.  Doc. 12 at 4.  But Ms. Cole is neither the County Clerk nor OCCJA's CEO.  Based on the foregoing reasons and Plaintiff's failure to respond to Defendant OCCJA's Motion, the

---

[1] The undersigned takes judicial notice of the Trust Indenture.  *See Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025) (noting "courts can take judicial notice of 'public records'").

3

Court should find Plaintiff has not met his burden of showing substantial compliance with the service requirements for proper service on Defendant OCCJA.

### III.    Plaintiff Should be Allowed Additional Time to Serve Defendant OCCJA

"When a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citation modified).  Motions under Rule 12(b)(5) offer a district court the option of quashing the improper service of process without dismissing the action. *Lasky v. Lansford*, 76 F. App'x 240, 241 (10th Cir. 2003); *see also Pendleton v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *2 (W.D. Okla. Sept. 30, 2019) (noting district courts can "quash[] the process without dismissing the action" on a Rule 12(b)(5) motion).  Here, there is no indication Plaintiff cannot properly serve Defendant OCCJA.  Thus, the Court should quash the original service and allow Plaintiff an additional 30 days to effectuate proper service on Defendant OCCJA.[2]

### IV.    Recommendation and Notice of Right to Object

The undersigned recommends the Court (1) **QUASH** the original service attempt on Defendant OCCJA and (2) allow Plaintiff 30 additional days to effectuate proper

---

[2] Defendant OCCJA filed a Motion to Dismiss arguing dismissal based on (1) improper service and (2) Plaintiff's failure to state a claim.  Doc. 16.  Because proper service is necessary to establish the Court's jurisdiction, and the undersigned finds it lacking in this case, the Court can only address the service issue at this time. *See Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992) (concluding the district court's jurisdiction was established by service of the complaint).  If Defendant OCCJA is properly served in the future, it may file a dispositive motion at that time, re-asserting any substantive arguments.

service.  Parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than August 3, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

5