**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TA'VION MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1556-SLP** |
| | ) | |
| **BOARD OF TRUSTEES FOR THE OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ta'Vion Murphy, proceeding with counsel, filed this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his civil rights. Doc. 1. United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss Defendant Dominique Thomas without prejudice based on Plaintiff's failure to effect service on him.

## I. Background

On December 30, 2025, the Clerk of Court electronically issued summons for all Defendants, including Defendant Detention Officer Dominique Thomas. Doc. 5. On January 20, 2026, Petitioner filed an executed summons for Defendant Thomas. Doc. 11. On July 20, 2026, the Court noted that Defendant Thomas had not entered an appearance, answered the Complaint, filed a pre-answer motion, or sought an extension of time to respond to the Complaint, though the time to do so had passed. Doc. 20 at 1. Upon review of the docket, the Court found as follows:

> Upon filing of the original Complaint, Plaintiff mailed by certified mail a copy of the same along with Summons to "Detention Officer Dominique Thomas c/o Oklahoma County Detention Center," located at 201 N. Shartel Avenue in Oklahoma City. Doc. 11 (Proof of Service returned for Dominique Thomas). The certified mail was signed for by Erma Cole on December 31, 2025. *Id.* at 4. However, no evidence from Plaintiff in the record indicates Ms. Cole was authorized to accept service on Defendant Thomas's behalf; nor has Plaintiff provided proof of service for Defendant Thomas that otherwise complies with Oklahoma's technical service requirements under Okla. Stat. tit. 12, § 2004(C).

*Id.* at 2 (citing *Free v. Oklahoma Dep't of Corr.*, No. CIV-13-0087-F, 2014 WL 347627, at *5 (W.D. Okla. Jan. 30, 2014) (dismissing § 1983 action for failure to serve where defendant did not sign certified mail return receipt and there was no evidence the person who received it was authorized to accept service on defendant's behalf)).

Accordingly, the Court ordered Plaintiff to "show cause, not later than **August 3, 2026**, why service as to Defendant Thomas was sufficient." *Id.* at 3. Alternatively, the Court ordered that "not later than **August 3, 2026**, Plaintiff may re-serve Defendant Thomas and file a valid, written proof of service." *Id.* A review of the docket indicates that Plaintiff has done neither.

## II. <u>Discussion</u>

### A. Mandatory extension

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading within ninety days from the complaint's filing. Fed. R. Civ. P. 4(c)(1), (m). Failure to complete proper service within that time is grounds for dismissal of all claims against that party, absent good cause. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Rule 4(m)'s "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (citation modified).

Here, Plaintiff did not respond to the Court's order to show cause and, as such, has failed to show good cause for his failure to serve. Accordingly, he is not entitled to a mandatory extension of time in which to serve Defendant Thomas. *See Wagoner v. Towne*, No. CIV-18-821-G, 2019 WL 1283487, at *1 (W.D. Okla. Mar. 20, 2019) (finding the plaintiff, who did not respond to the Court's order to show cause why she had not served the defendant, had not shown good cause for the failure to serve "and is not, therefore, entitled to a mandatory extension of time").

**B. Permissive extension**

Notwithstanding Plaintiff's failure to show good cause, the undersigned considers whether "a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In doing so, the undersigned considers "[1] whether the statute of limitations would bar the plaintiff from refiling the action, [2] whether the plaintiff has unsuccessfully attempted to serve the United States, and [3] whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis." *Johnson v. Harris*, No. CIV-23-513-SLP, 2024

WL 3857342, at *1 (W.D. Okla. Aug. 16, 2024) (citing *Espinoza*, 52 F.3d at 842 & n.8). The second and third factors do not apply here.

However, as the events underlying the action occurred in October of 2021, a two-year statute of limitations applicable to Plaintiff's claims may bar him from refiling the action should he choose to do so. *See Stillwell v. Neely*, No. CIV-24-482-D, 2024 WL 4437140, at *2 n.2 (W.D. Okla. Oct. 7, 2024) ("A two-year statute of limitations governs Plaintiff's § 1983 claim."); *see also Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (explaining that Oklahoma's two-year statute of limitations applies to a civil rights action brought under § 1983). Plaintiff has already exhausted his "single-refiling limitation," *Gates v. Integris Baptist Med. Ctr. of Okla., Inc.*, 84 P.3d 115, 117 (Okla. Ct. App. 2003), when he previously stipulated to dismissal without prejudice of claims against Defendant Thomas and other Defendants in *Murphy v. Board of Trustees*, No. CIV-22-525-SLP, before refiling this action on December 23, 2025. *See* Doc. 1 at 3 (citing history of *Murphy v. Board of Trustees*, No. CIV-22-525-SLP); *Gates*, 84 P.3d at 117 (explaining how Oklahoma's savings statute, Okla. Stat. tit. 12, § "100 permits one refiling of an action within one year of dismissal otherwise than on the merits where the applicable statute of limitations period expired before the refiling").

While a potential bar based on the statute of limitations would ordinarily weigh in Plaintiff's favor, his failure to respond to the Court's order to show cause, or to serve Defendant Thomas out of time when given the opportunity to do so, weighs against granting a permissive extension. "Although a statute of limitations problem may justify relief under Rule 4(m), that factor alone is not determinative and does not make dismissal

inappropriate." *In re Langston*, 319 B.R. 667, 670 (D. Utah 2005) (citing Advisory Committee Note to Fed. R. Civ. P. 4(m)); *accord Cloyd v. Arthur Anderson & Co., Inc.*, 25 F.3d 1056, 1994 WL 242184, at *2 (10th Cir. 1993) ("That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within [90] days does not mandate an extension of time under new Rule 4(m).").

The undersigned concludes a permissive extension of time is not warranted, as "Plaintiff has made no effort to serve Defendant [Thomas] and has offered no explanation for [his] failure to accomplish service, despite being ordered to do so." *Wagoner*, 2019 WL 1283487, at *1; *see also Cumby v. SSM Health*, No. CIV-25-255-R, 2025 WL 2701508, at *6 (W.D. Okla. Sept. 22, 2025) (finding a permissive extension unwarranted, even when refiling would be barred by the statute of limitations, when the plaintiff "made no attempt to remedy the deficiencies [in service], has failed to adequately explain them, and has not asked the Court for more time to serve"); *Normali v. Bd. of Cnty. Comm'rs*, No. 24-CV-257, 2026 WL 363496, at *2 (E.D. Okla. Jan. 15, 2026) (recommending no permissive extension to serve even when refiling would be barred by the statute of limitations) (R&R), *adopted*, 2026 WL 362205 (E.D. Okla. Feb. 9, 2026); *Valdez v. Chuwanti*, No. 22-cv-3, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("The mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case." (citation modified)).

### C. Interest of justice

When "dismissal without prejudice is the equivalent to dismissal with prejudice due to the statute of limitations," a court must consider "whether dismissal 'would satisfy the interest of justice'" by analyzing:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance [] that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Wagoner*, 2019 WL 1283487, at *2 (quoting *Davis v. Miller*, 571 F.3d 1058, 1060-64 & n.2 (10th Cir. 2009)).

#### 1. Prejudice to the defendant

With respect to the first factor, because Defendant Thomas has not been served dismissal would not prejudice him. *See Wagoner*, 2019 WL 1283487, at *2 (finding dismissal would not prejudice an unserved defendant). Defendant Thomas would be prejudiced, however, by an extension of time for service that would require him to defend against a claim barred by the statute of limitations.

In the Complaint, Plaintiff details procedural history indicating that he first brought this case on June 23, 2022, but the parties stipulated to dismissal without prejudice of Defendant Thomas and then stipulated to dismissal without prejudice of all claims. Doc. 1 at 3 (citing *Murphy v. Board of Trustees*, No. CIV-22-525-SLP). In fact, this Court previously granted two extensions of time for Plaintiff to serve Defendant Thomas in the earlier case. In *Murphy v. Board of Trustees*, No. CIV-22-525-SLP, Plaintiff's deadline for service was September 22, 2022; on September 21, 2022, the Court extended the time

to November 22, 2022, for service on Defendant Thomas. *Id.*, Doc. 12. On December 29, 2022, the Court sua sponte granted *another* continuance—to March 29, 2023—for Plaintiff to serve Defendant Thomas. *Id.*, Doc. 17. Plaintiff later filed what he characterized as proof of service on Defendant Thomas by publication. *Id.*, Doc. 20. But Defendant Thomas never entered an appearance or filed an answer or motion. On October 27, 2023, Plaintiff, Defendant Board of County Commissioners for Oklahoma County ("BOCC"), and Defendant Oklahoma County Criminal Justice Authority ("OCCJA") agreed to dismissal without prejudice of claims against Defendant Thomas. *Id.*, Doc. 25. Later, on September 19, 2025, the same three parties jointly stipulated to dismissal without prejudice of all other claims. *Id.*, Doc. 37. In sum, Plaintiff's claims have been pending, in one form or another, for more than four years with prior extensions of time for service in the earlier case and in this case, giving Plaintiff ample opportunity to serve Defendant Thomas.[1]

Additionally, continued delay in the pending case would result in prejudice to Defendant BOCC, which was properly served and filed an answer on January 16, 2026. *See Normali*, 2026 WL 363496, at *3 (finding the current defendants would be "substantially prejudiced" by an extension to serve when the plaintiff "had ample

[1] Defendant Thomas was dismissed from the earlier case on October 27, 2023, and Plaintiff did not file the current action until December 23, 2025, more than two years later. As such, it appears that Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, did not operate to permit filing the current claims against Defendant Thomas. *See Gates*, 84 P.3d at 117 (explaining how the savings statute "permits one refiling of an action *within one year of dismissal* otherwise than on the merits where the applicable statute of limitations period expired before the refiling" (emphasis added)). This is yet another reason Defendant Thomas should be dismissed.

opportunity" to serve one of the defendants "but failed to take any action for over a year"); *Trujillo v. Am. Airlines*, No. CV 19-885, 2020 WL 5441783, at *5 (D.N.M. July 17, 2020) (finding "continued nonprosecution of the case" was prejudicial under the first factor) (R&R), *adopted*, 2020 WL 5439775 (D.N.M. Sept. 10, 2020).

**2. Interference with the judicial process**

Regarding the second factor, it is unlikely that granting a permissive extension will significantly delay the litigation. The Court recently adopted the undersigned's recommendation to quash Plaintiff's original service attempt on Defendant OCCJA, and to grant an additional 30 days for Plaintiff to effect proper service upon that Defendant. Doc. 19.[2] However, granting a permissive extension for service on Defendant Thomas would undoubtedly interfere with the judicial process as it would cause some delay in the litigation, even if such delay were not significant. *See Wagoner*, 2019 WL 1283487, at *1 ("A permissive extension is likely to only further delay the prompt disposition of this matter."). Finally, "although certainly other types of delays may cause an even greater interference with the judicial process than that which occurred here, the untimeliness and failure to respond to court orders cannot be ignored. This factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis*, 571 F.3d at 1062 (citation modified).

---

[2] Defendant OCCJA filed a motion to dismiss based on improper service and failure to state a claim. Doc. 16. Plaintiff did not respond to that motion.

**3. Culpability of the litigant**

With respect to the third factor, Plaintiff is represented by counsel who is expected to comply with both the Federal Rules of Civil Procedure regarding proper service as well as the Court's order. Though Plaintiff himself "may not have been informed by [his] counsel of the lack of service or the opportunity to show cause," "litigants who retain counsel act through that counsel and, generally, are held responsible for the attorney's actions and omissions." *Osborne v. Colvin*, No. CIV-14-824-M, 2015 WL 3756319, at *3 (W.D. Okla. May 29, 2015) (finding the third factor weighed toward dismissal and citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Gripe v. City of Enid*, 312 F.3d 1184, 1188-89 (10th Cir. 2002)) (R&R), *adopted*, 2015 WL 3772749 (W.D. Okla. June 16, 2015). Moreover, even if Plaintiff himself is not at fault for the current failure to serve Defendant Thomas, counsel's failure to respond to the Court's show-cause order and prior failures to serve Defendant Thomas timely in the earlier case weigh in favor of dismissal. *Cf. Davis*, 571 F.3d at 1062-63 (explaining the third factor can support dismissal even when the client is not at fault if counsel's actions were egregious and beyond "inadvertence or simple neglect" (citation modified)).

**4. Warning of the possibility of dismissal**

As to the fourth factor, Plaintiff was on notice that "sufficiency of service impacts a court's ability to exercise personal jurisdiction over a defendant" and was explicitly ordered either to show cause for failure to serve Defendant Thomas or to effect service out of time. Doc. 20 at 1. As such, even if Plaintiff was not explicitly warned of the possibility

of dismissal for failure to serve, he was certainly on constructive notice. *See Cumby*, 2025 WL 2701508, at *6 (noting that under the fourth factor, the plaintiff "was at least on constructive notice that her actions risked dismissal"); *Normali*, 2026 WL 363496 at *3 (concluding, though the plaintiff "was not put on notice of the failure to service until recently, it was her own error, and the Court is not obligated to monitor compliance with service to ensure [the plaintiff] fulfills her obligations"); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1150 (10th Cir. 2007)) (holding constructive notice is adequate to support dismissal under the fourth factor).

**5. Efficacy of lesser sanctions**

Finally, regarding the fifth factor, the undersigned "finds that no sanction less than dismissal is practical in these circumstances. Plaintiff's failure to serve Defendant [Thomas] and failure to respond to the Court's show-cause order have impeded the Court's ability to proceed in this matter because the Court cannot ascertain whether Plaintiff intends to pursue [his] causes of action." *Wagoner*, 2019 WL 1283487, at *2. "Moreover, without proper service or waiver of service, the Court lacks personal jurisdiction over Defendant [Thomas] in this matter, thereby making it impossible to progress toward a merits-based disposition." *Id.* (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) and *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992)); *see also Normali*, 2026 WL 363496 at *3 (finding the fifth factor favored dismissal when "there is no meaningful lesser sanction available").

Indeed, Plaintiff is represented by counsel who chose not to respond to the Court's order to show cause and chose not to serve Defendant Thomas out of time when given the

opportunity to do so—after previously dismissing without prejudice claims against Defendant Thomas in the prior case where the Court granted *two* extensions for service before Plaintiff filed notice of service by publication. The undersigned finds "no other sanctions would be as effective as dismissal." *Cumby*, 2025 WL 2701508, at *7 (finding under the fifth factor that dismissal of unserved defendant was appropriate after considering whether sanctions other than dismissal could be effective, especially as the plaintiff was proceeding pro se and was "likely unfamiliar with the service rules"). As such, the interest-of-justice factors favor dismissal of Defendant Thomas.

**D. Conclusion**

Dismissal is appropriate "only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Davis*, 571 F.3d at 1061 (citation modified). Having considered these factors, the undersigned recommends that the Court dismiss Defendant Thomas without prejudice based on Plaintiff's failure to serve him. *See Cumby*, 2025 WL 2701508, at *7 (dismissing unserved defendant when refiling would be barred by the statute of limitations, but "dismissal would satisfy the interests of justice"); *Wagoner*, 2019 WL 1283487, at *2 (dismissing unserved defendant when "even if dismissal of this matter is equivalent to a dismissal with prejudice, the dismissal would satisfy the interests of justice"); *Normali*, 2026 WL 363496, at *3 (recommending dismissal of unserved defendant when refiling would be barred by the statute of limitations, but "the interest of justice weighs in favor" of dismissal).

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS Defendant Thomas without prejudice**. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than August 19, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 5th day of August, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE