**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TA'VION MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1556-SLP** |
| | ) | |
| **BOARD OF TRUSTEES FOR THE OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ta'Vion Murphy, proceeding with counsel, filed this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his civil rights. Doc. 1. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss Defendant Oklahoma County Criminal Justice Authority ("OCCJA") without prejudice based on Plaintiff's failure to effect service.

## I. Discussion

On August 4, 2026, the Court quashed Plaintiff's original service attempt on Defendant OCCJA. Doc. 21 at 2. Plaintiff was given until September 3, 2026, to effect proper service on Defendant OCCJA. *Id.*

When a plaintiff effects service upon a defendant, "proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). On September 9, 2026, the Court instructed:

> If Plaintiff has timely effected proper service, he must file proof of service not later than **September 11, 2026**. In the absence of such filing, Defendant OCCJA will likely be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

Doc. 24.

Plaintiff did not file proof of service by September 11, 2026. Nor did he seek an extension in which to do so. As such, it appears Plaintiff did not timely effect proper service on Defendant OCCJA.

Accordingly, because Plaintiff has not established that he timely effected proper service upon Defendant OCCJA, the undersigned recommends dismissing Defendant OCCJA without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS Defendant OCCJA without prejudice**. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than September 29, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 15th day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE